IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP ARTHUR THOMPSON,

Petitioner,

vs.

KATHLEEN DICKINSON,

Respondents.

/

No. CIV S-11-1318-CMK-P

ORDER

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), and his request for the court to stay this action and hold the petition in abeyance (Doc. 2).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, the exhaustion of available state remedies is required before claims can be presented to the federal

court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Here, petitioner is challenging a 2008 conviction out of El Dorado County. He acknowledges most of his claims are unexhausted, rendering his current petition a "mixed" petition. He argues that his prior attorney failed to raise the issues he requested on appeal, leaving him with the only option of filing for habeas relief. He states he currently has a pending habeas petition in the state courts, but is concerned due to the amount of time that has passed since his conviction, that if there is any delay the statute of limitations may pass without being able to file a timely federal habeas petition.

When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies. See Jackson, 425 F.3d at 661.

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. See Rhines v. Weber, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory

litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277. If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves: (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relate back to the original petition. See Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998).

The court finds petitioner meets the threshold to have a stay-and-abeyance order issued in this case. Petitioner indicates that only claim 3(f)[1] has been exhausted in the state courts, leaving all other claims raised in his petition unexhausted. As set forth above, the proper procedure is the dismissal of all unexhausted claims prior to the action being stayed. Accordingly, the court will dismiss from the petition all unexhausted claims, leaving claim 9(f) as the only remaining claim in this petition. The court will then stay this action, holding the now exhausted petition in abeyance until such time as petitioner has completed the exhaustion of the remaining claims in state court. Once petitioner has successfully exhausted his other claims, the court will lift the stay, and petitioner will be directed to file an amended petition adding the newly exhausted claims. Petitioner will also be required to keep the court apprised of his progress in the state courts with his exhaustion petition. Failure to file status reports as required herein may result in may result in the imposition of appropriate sanctions, including dismissal of the action. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's current petition for writ of habeas corpus is a mixed petition, containing both exhausted and unexhausted claims;

---

[1] Petitioner actually indicates that claim 9(f) is the one exhausted claim. However, a review of his petition shows only one claim that has multiple sub-claims, and that is claim 3. The court therefore assumes that it is claim 3(f) that is exhausted. If the court is incorrect in this assumption, petitioner shall notify the court of this error within 14 days.

2. The only exhausted claim contained in the current petition is claim 3(f);

3. All unexhausted claims, claims 1, 2, 3(a)-(e), 3(g)-(k), and 4-24, are dismissed, without prejudice;

4. Petitioner's motion for this court to issue a stay-and-abeyance order (Doc. 2) is granted;

5. This action is stayed, and the remaining exhausted claim shall be held in abeyance pending the exhaustion of petitioner's state habeas petition;

6. Petitioner shall file a status report every six (6) months, keeping the court apprised of the progress of his state habeas petition; and

7. Petitioner shall file an amended petition, containing all of his exhausted claims, within 60 days of the date the California Supreme Court denies his state habeas petition.

DATED: November 14, 2011

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE